NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4143
_____

44A TRUMP INTERNATIONAL, INC.,
                                                    Appellant

v.

JESSE E. RUSSELL
_____


On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-07-cv-03425
District Judge: The Honorable Susan D. Wigenton

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 20, 2013

Before:  AMBRO, SMITH, *Circuit Judges*
and O'CONNOR, *Associate Justice (Ret.)

(Filed: November 21, 2013)


_____

OPINION
_____


---

* The Honorable Sandra Day O'Connor, Associate Justice (Ret.) of the Supreme
Court of the United States, sitting by designation.

SMITH, *Circuit Judge.*

44A Trump International, Inc. ("Trump International"), appeals from the District Court's order denying its motion to reopen this action pursuant to Federal Rule of Civil Procedure 60(b). We will affirm.

I.

On or about August 9, 2001, Trump International loaned $560,000 to Jesse E. Russell ("Russell"). On July 24, 2007, Trump International filed this action against Russell alleging that he defaulted on the loan.

After the complaint was filed, the parties negotiated a settlement agreement. The settlement agreement consisted of three documents executed between Trump International and IncNetworks, a company owned in whole or in part by Russell. The first document was a Promissory Note, which provided that IncNetworks was to repay the full amount of the loan in thirty consecutive monthly payments of $20,000 at an annual interest rate of six percent. The second document was a Pledge Agreement, wherein IncNetworks agreed to purchase 560,000 shares of its own stock from Trump International as insurance against repayment of the Note. Finally, the parties executed an Escrow Agreement that provided for an escrow agent, Eric Magnelli ("Magnelli"), to hold the stock, "other collateral," and the agreements in escrow. Russell was not named in any of these documents.

On February 4, 2009, after being informed by the parties that settlement was

imminent, the District Court dismissed this action without prejudice "subject to the right of the parties[,] upon good cause shown within 60 days, to reopen the action if the settlement is not consummated." On October 28, 2009, after two sixty-day extensions, Trump International's counsel informed the Court that the settlement had been finalized by counsel and would soon be executed by the parties.

Shortly after the settlement agreement was finalized, IncNetworks defaulted on the Promissory Note. On April 17, 2012, Trump International filed a second lawsuit against IncNetworks and Magnelli, seeking to recover the balance of the Promissory Note and the release of collateral held in escrow. *See* Complaint, *44A Trump Int'l, Inc. v. IncNetworks*, No. 2:12-cv-2292 (D.N.J. April 17, 2012), ECF No. 1. Trump International then filed a motion under Federal Rule of Civil Procedure 60(b) to reopen this action against Russell and to consolidate it with the recently filed lawsuit against IncNetworks. Trump International argued that "[t]he First Action should be reopened and consolidated with the Second Action because the failed settlement of the First Action gave rise to the claims in the Second Action."

On October 4, 2012, the District Court issued an order denying Trump International's motion to reopen the case. It concluded this was not one of the extraordinary circumstances in which a party is entitled to relief under Rule 60(b). The Court stated that Trump International "voluntarily entered into a settlement

3

agreement" that resolved its claims against Russell. And although Russell was not named in the settlement documents, the Court found that "if [Trump International] wanted to ensure that [it] could pursue Russell for the remaining debt in the event of IncNetworks' default, [it] should have contracted for such terms." Ultimately the Court determined that Trump International's only recourse was to enforce the settlement agreement in the second lawsuit against IncNetworks, not to reopen its action against Russell. Trump International timely appealed.

## II.

The District Court had subject matter jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

We review a district court's decision to deny relief under Rule 60(b) for abuse of discretion. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008).

## III.

Trump International contends this case should be reinstated pursuant to Rule 60(b)(6), which provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

This Court has consistently held that Rule 60(b)(6)'s catchall provision "'provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances.'" *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273

(3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188 (3d Cir. 1988)). Such extraordinary circumstances generally exist only where the movant can demonstrate that "an 'extreme' and 'unexpected' hardship will result." *Budget Blinds*, 536 F.3d at 255 (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)). Importantly, however, "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Budget Blinds*, 536 F.3d at 255; *see also Coltec*, 280 F.3d at 274 ("[C]ourts have not looked favorably on the entreaties of parties trying to escape the consequences of their own 'counseled and knowledgeable' decisions.").

We hold that the District Court did not abuse its discretion in denying Trump International's motion to reopen this case. As the District Court explained, Trump International deliberately and voluntarily entered into the settlement agreement that resulted in the dismissal of this action. Trump International was, or should have been, aware that the terms of that agreement did not provide for recourse directly against Russell in the event of IncNetworks' default. We agree with the District Court that there is no basis for reopening this action under Rule 60(b)(6). Therefore, we will affirm its judgment.